**SEYBOLD v. LAINSON, Sheriff, et al.**

(Circuit Court of Appeals, Eighth Circuit. June 15, 1925.)

No. 6785.

1. **Injunction** ⊙⟳153—Order requiring, as condition of restraining order, that redemption money be deposited with clerk of court by certain time on following day, held proper.

In bill to redeem mortgage after expiration of redemption period, and also for injunction against sheriff and others, restraining them from taking possession, order requiring, as condition of restraining order, that plaintiff deposit redemption money with clerk of court by 5 p. m. of following day, *held* proper.

2. **Pleading** ⊙⟳127(2)—Contention that amount required by court order to pay as redemption money was excessive held without merit, in view of allegations in bill admitting such amount to be proper.

In a bill to redeem after expiration of redemption period, contention that amount required by court order to pay as redemption money was excessive *held* without merit, in view of allegations in bill admitting such amount was due if certain lien was valid, concerning which there was no reasonable dispute.

3. **Injunction** ⊂⊃153—**On bill to redeem, time exceeding one day, allowed to mortgagor within which to pay money into court after expiration of redemption period, as condition of restraining order, held sufficient.**

In bill to redeem after expiration of redemption period, time exceeding one day, allowed by court's order to complainant to pay into court redemption money, as a condition to granting order restraining defendants from taking possession, *held* sufficient.

Appeal from the District Court of the United States for the Southern District of Iowa.

Bill for redemption of premises sold under foreclosure sale by Mary O. Seybold against P. A. Lainson, as Sheriff of Pottawatamie County, Iowa, and others. From an order refusing plaintiff leave to redeem, she appeals. Affirmed.

William M. Giller, of Omaha, Neb. (Frank L. Weaver, of Omaha, Neb., on the brief), for appellant.

D. E. Stuart, of Council Bluffs, Iowa, for appellees.

Before SANBORN, Circuit Judge, and POLLOCK and SYMES, District Judges.

POLLOCK, District Judge. The record brings up for review an order entered in the court below refusing appellant herein, plaintiff below, leave to redeem a tract of land of which she had been the holder of the legal title, and entitled to redeem the same from decrees foreclosing mortgages thereon. Resting on this land of the plaintiff were two mortgages, one to the State Savings Bank of Council Bluffs, and the other called in the record the "Davis" mortgage. The amount required to redeem the same at the expiration of one year from the date of sale of the property was $24,874.33. On the day before the expiration of the one-year period of redemption allowed under the laws of Iowa a deed had been made and delivered through mistake to the bank holding the first mortgage. However, this was changed later on by delivering the deed back and redating the same. It was the contention of plaintiff below within due time she had appeared and offered to pay the amount necessary to redeem the lands from the foreclosure sale, but had been refused by the sheriff of the county making the sale of the privilege of redemption.

In her bill for redemption she alleged she was able, ready, and willing to make payment of the redemption money and redeem the property. She asked that the sheriff and the purchaser and all other parties should be restrained from taking possession of the premises or exercising dominion thereover. This suit was filed one day after the period of redemption permitted by the laws of the state of Iowa had expired, or on the 23d day of January, 1924. A temporary order of restraint was issued, and the matter set down for hearing on February 4, 1924, for a temporary injunction. On this day a temporary injunction was granted plaintiff, on condition she pay to the clerk of the court an amount ascertained by the court to be sufficient to make redemption, and admitted to be the correct amount in the plaintiff's bill filed, of $24,874.33. The order required as a condition of granting the restraint prayed this sum of money be deposited with the clerk of the court by 5 p. m. on the following day, February 5, 1924. On that date plaintiff did not pay the money, but moved for an extension of time to comply with the order. This time was not granted plaintiff by the court, and the suit was dismissed for noncompliance with the terms on which the order was entered.

The only error complained of in this record is the order of February 4th and 5th, granting plaintiff an injunction on condition, which reads as follows: "That the plaintiff, Mary O. Seybold, on or before 5 o'clock p. m. of the 5th day of February, 1924, shall deposit with the clerk of the United States court, of Council Bluffs, Iowa, the sum of $24,874.33 as tender of good faith on her part for the redemption of said premises, and to be applied in the redemption of said premises, should the court find that the claim of Frank Blank, based upon the decree in favor of Davis Bros., is a lien upon the property in controversy, and that this cause be set down for hearing (as to the right of the plaintiff for a perpetual injunction based on her right to redeem) on the 13th day of February, 1924, at 10 o'clock a. m., or at such date as the court may hereafter fix. Upon the failure on the part of the plaintiff to deposit the money with the clerk of the United States at Council Bluffs, Pottawattamie county, Iowa, as herein directed, this suit shall stand dismissed" —and the order of February 7, 1924, dismissing the suit for failure to comply with the order of the 4th inst.

While much complaint is made of the action of the sheriff of the county in not permitting redemption to be made by plaintiff, yet all that goes for naught, for the reason, while the plaintiff appears to have been at all times represented by counsel, she at

no time, as disclosed by the record, tendered any money whatever to any one to effect redemption. Had plaintiff been, as she says, at all times able, ready, and willing to make redemption from the sale, and had she stood on her rights and tendered the sheriff of the county the money required to redeem, redemption would have been accomplished.

[1] In so far as the matters complained of on this record are concerned, in granting the order which was made February 4th, on condition the money necessary to make redemption be deposited with the clerk of the federal court sitting at Council Bluffs on the following day, the making of the order was highly proper, because, as the plaintiff must pay or offer to pay in cash the redemption money before any decree for redemption could go in her behalf, coming into a court of equity and asking such relief, equity must be done, or in good faith proposed to be done. The conditional order of February 4th was highly proper, and not erroneous.

[2] The second assignment of error reads: "And the court erred in making and entering the order of dismissal of said cause of action on the 7th day of February, 1924, wherein the court found plaintiff had failed to deposit said sum of money with the clerk of said court pursuant to the order made on February 4, 1924, and dismissing said petition and cause of action at plaintiff's costs."

It is now insisted the time allowed under the order of February 4th was insufficient, and again that the amount ordered deposited was excessive. As to these complaints it may be said: In her bill of complaint, in so far as the decree under the larger mortgage was concerned, it is averred by plaintiff as follows: "That the plaintiff is ready, able, and willing to redeem said property from said sale, and here brings the money into court and tenders it in full payment of the redemption certificate, which sum here tendered by the plaintiff amounts in the aggregate to $18,301.70, which includes interest from the date of sale up to and including the 22d day of January, 1924."

Again: "That should the court, on the final hearing of this cause, find that the claim of Davis Bros., a corporation, assigned to Frank Blank, is a just and valid claim upon the premises, that she be allowed to redeem from the same by paying into the hands of the clerk of the district court of Pottawattamie county, Iowa, $24,874.33, and that upon payment of said amount the plaintiff shall receive from the sheriff of Pottawattamie county, Iowa, a redemption certificate, showing that the plaintiff has redeemed the land from the sale made by the sheriff of Pottawattamie county, Iowa, on the 22d of January, 1924."

Hence, the claim the amount by the court required to be deposited was excessive is wholly without merit, if the Davis mortgage lien as decreed in the foreclosure suit was valid, and concerning which there was in this case no reasonable dispute.

[3] The only question remaining was the time given to deposit the money. Plaintiff came into court, saying she brought in the money, that she was able, willing, and ready to pay the money required to redeem her property, and tendered the same to the court. The court simply took her at her word, as was right and proper. She was given more than a clear day to do that which in equity, invoking the jurisdiction of the court, she averred in order to give her a standing in court. She must have known the order made upon her would be made as a condition to granting her any relief or staying the hands of those with their money invested in the property from enjoying or occupying the same.

In all things the order appealed from is fair, just, and right. If the plaintiff has lost anything by reason of not making redemption from the sale, it has come about because of either her neglect or inability to furnish the money to protect her interest. There is no error in the record and the order appealed from is affirmed.